UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELO GONZALES | CIVIL ACTION |
| VERSUS | NO. 06-11215 |
| LT. BLANDON SMITH ET AL. | SECTION "C" (2) |

### REPORT AND RECOMMENDATION

Plaintiff, Angelo Gonzales, is a convicted inmate currently incarcerated in the B.B. "Sixty" Rayburn Correctional Center ("Rayburn") in Angie, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against six correctional officers at Rayburn, alleging harassment, racial discrimination, excessive force and double jeopardy for a disciplinary charge.

On January 12, 2007, Gonzales filed a motion for injunction and preliminary injunction. Record Doc. No. 7. On January 29, 2007, he filed a motion for injunction and restraining order. Record Doc. No. 9. On February 16, 2007, he filed a declaration in support of these two motions. Record Doc. No. 22. In addition, plaintiff provided testimony concerning his claim pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), on March 22, 2007. Having considered this record, I issue this report containing

a recommendation for disposition of plaintiff's motions for injunctive relief pursuant to 28 U.S.C. § 636(b)(1)(B).

## ANALYSIS

Plaintiff's motions and declaration are rambling and unclear both as to what he alleges and what he seeks.  His testimony did little to clarify this motion, although it is clear that his claims in this case are based on an alleged beating that occurred on or about July 18, 2006.  He appears to re-allege the facts stated in his complaint concerning incidents that occurred in 2006.  In addition, Gonzales states that Rayburn is "getting worst and worst. . . . Officials still unjustified brutal beating and kicking inmates; what is wrong in here!"  Record Doc. No. 22.  Plaintiff does not specify the form of injunctive relief that he seeks.

According to Rule 65(b) of the Federal Rules of Civil Procedure, a party seeking a temporary restraining order and/or preliminary or permanent injunction must set forth "specific facts shown by affidavit or verified complaint" that show that the moving party will suffer irreparable injury before a hearing on the matter may be held.  A temporary restraining order and preliminary injunction are extraordinary equitable remedies that may be granted only if plaintiff establishes four essential elements:  (1) a substantial likelihood of success on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any

damage that the injunction might cause defendants; <u>and</u> (4) that the injunction will not disserve the public interest. <u>Sugar Busters LLC v. Brennan</u>, 177 F.3d 258, 264 (5th Cir. 1999). The requisite showing is "a <u>substantial</u> threat of <u>irreparable</u> injury if the injunction is not issued." <u>DSC Commc'ns Corp. v. OGI Techs., Inc.</u>, 81 F.3d 597, 600 (5th Cir. 1996) (emphasis added).

Applying the foregoing legal standards to the facts he alleges, plaintiff's written submissions and the record to date establish that he is <u>not</u> entitled to a temporary restraining order or preliminary injunction at this time. Although plaintiff's submissions appear to allege that various jail officials (some of whom are not even named defendants) have lodged unwarranted disciplinary charges against him, tampered with his grievance forms and subjected him to physical and mental abuse, these wholly unsubstantiated allegations are the rankest form of speculation, and Gonzales has not established that any injury he may suffer in the future would be irreparable. Any cognizable injury that he may suffer as a result of defendants' alleged or anticipated actions may adequately be remedied through the ordinary judicial process without need for a preliminary or permanent injunction or temporary restraining order.

It also cannot be concluded that plaintiff's complaint presents "a substantial likelihood of success on the merits." <u>Id.</u> Although plaintiff's allegations must be accepted as true for the initial screening process required for such cases, 28 U.S.C. §

1915A; Martin v. Scott, 156 F.3d 578 (5th Cir. 1998), no such requirement applies to his request for injunctive relief. Gonzales has not clearly alleged at this early stage of the proceedings that a violation of his clearly established constitutional rights has occurred. Injunctive relief interfering with the administration of prison functions by the court, without justification, would disserve the public interest.

For all of these reasons, a temporary restraining order or other preliminary or permanent injunctive relief is unsupported and inappropriate at this time, and plaintiff's motion should be **DENIED**.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's motion for a preliminary or permanent injunction and/or a restraining order be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __29th__ day of March, 2007.

                                            JOSEPH C. WILKINSON, JR.
                                         UNITED STATES MAGISTRATE JUDGE