UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANGELO GONZALES                                              CIVIL ACTION

VERSUS                                                       NO. 06-11215

LT. BLANDON SMITH ET AL.                                     SECTION "C" (2)

## REPORT AND RECOMMENDATION

Plaintiff, Angelo Gonzales, is a convicted inmate currently incarcerated in the Rayburn Correctional Center ("Rayburn") in Angie, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections ("DOC") and six named correctional officers at Rayburn. Gonzales alleges that, on or about July 17 - 19, 2006,[1] defendants harassed him, discriminated against him on the basis of his race, beat him without provocation while he was handcuffed and shackled, and subjected him to double jeopardy for a disciplinary charge. He seeks monetary damages. Record Doc. No. 1 (Complaint at ¶¶ IV and V).

On May 17, 2007, I conducted a telephone conference in this matter. Participating were plaintiff pro se and Jennifer Medley, counsel for defendants. Plaintiff was sworn

---

[1] It appears from plaintiff's complaint and testimony that one defendant allegedly verbally harassed him on July 17, but that the alleged excessive force incident began late at night on July 18 and continued into the early morning hours of July 19, 2006.

and testified for all purposes permitted by Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progeny.

Defendants Blandon Smith, Wade Rigdon, Trey Moody, Mickey Dillon and Cliff Turner (but not defendants Josh Miley, Capt. Williams or the DOC) filed a motion for summary judgment, seeking dismissal based on plaintiff's alleged failure to exhaust the administrative remedy procedure ("ARP") at Rayburn. Record Doc. No. 47. Plaintiff filed a timely response. Record Doc. No. 50.

Having considered the complaint, as amended, the record, the submissions of the parties, and the applicable law, **IT IS RECOMMENDED** that defendants' motion for summary judgment be **DENIED**.

## ANALYSIS

I. STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact. Capitol Indem. Corp. v. United States, 452 F.3d 428, 430 (5th Cir. 2006) (citing Celotex Corp. v. Catrett,

477 U.S. 317, 323 (1986)).  When reviewing a summary judgment motion, the court construes all facts and inferences in the light most favorable to the nonmoving party. Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005).

A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  "'An issue is "genuine" if the evidence is sufficient for a rational trier of fact to return a verdict for the nonmoving party.'"  Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 454 (5th Cir. 2005) (quoting Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000) (citing Anderson, 477 U.S. at 248)).

"[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986); accord Martin v. Alamo Cmty. Coll. Dist., 353 F.3d 409, 412 (5th Cir. 2003).  Thus, in the instant motion, because defendants rely upon the affirmative defense of failure to exhaust the ARP, defendants have the burden to establish that there is no material issue of fact for trial on that affirmative defense.  Id. at 413.

If defendants fail to establish any essential element of their affirmative defense, id., or if plaintiff introduces evidence sufficient to create a genuine material fact issue in

3

dispute regarding an element of that defense, Taita Chem. Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 388-89 (5th Cir. 2001), the motion must be denied.

## II.   THE SUMMARY JUDGMENT MOTION

The summary judgment motion is not clear about the relief that the moving defendants seek. In the motion itself, the moving defendants argue only that plaintiff's claims against them based on confiscation of his property and discriminatory remarks should be dismissed. Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, Record Doc. No. 47, at p. 3 ¶ 4.

However, in their memorandum in support of the motion, the moving defendants discuss the applicable law that requires a prisoner, before filing suit, to exhaust his administrative remedies regarding any aspect of prison conditions, including "excessive force or some other wrong." Defendants' memorandum in support of summary judgment motion, Record Doc. No. 47-2, at p. 4. Defendants assert that Gonzales never filed a Request for Administrative Remedy "concerning an incident that allegedly occurred on July 17 or 18, 2007." Id. at p. 9. The "incident" vaguely described in the memorandum could include plaintiff's allegations of excessive force and improper disciplinary action, or it could refer to the confiscation of his property and the discriminatory remarks specifically mentioned in defendants' motion itself. Compounding the ambiguities, the moving defendants contend in their memorandum that Gonzales failed to exhaust his

4

remedies "over the issue(s) raised in his Complaint." Id. at p. 7.  Are defendants referring to one, more than one or all of plaintiff's claims when they indefinitely refer to "the issue(s) raised in his Complaint?"

Furthermore, defendants allege at one point that plaintiff "has filed suit during the pendency of the ARP process," id. at p. 5, which is contradicted by their later assertion that Gonzales has "never begun" the ARP concerning this incident. Id. at p. 9.  Finally, in their conclusion, the moving defendants argue that plaintiff failed to exhaust the available ARP "before he filed suit concerning the claim(s) raised in his complaint" and they ask the court to "dismiss the plaintiff's claims" against them. Id. at p. 10.

The motion and memorandum in support are so vaguely drafted as to be largely unhelpful to the court, but based especially on the evidence attached to the motion, it appears that defendants are seeking dismissal of all claims against them on the basis that Gonzales never instituted an ARP concerning any of the claims against any of these defendants.  Because failure to exhaust ARP is an affirmative defense, defendants bear the burden of proving the absence of any genuine issue of material fact as to the elements of that defense.

In support of their summary judgment motion, the only evidence submitted by the moving defendants is an affidavit dated June 28, 2007.  The affidavit states in its entirety:

> I, Marvin L. McCloud, am the Administrative Remedy Procedure Coordinator at Rayburn Correctional Center. I certify that Angelo Gonzalez, #114052, <u>did not file</u> an Administrative Remedy Procedure in regards to an incident that occurred on July 17, 2006 or July 18, 2006.

Record Doc. No. 47, Defendant's Exh. A (emphasis added).

Although Gonzales did not attach any evidence to his memorandum in opposition to defendants' motion, I advised him during the <u>Spears</u> hearing that the court would consider his previous submissions and his testimony at the hearing when proceeding with this case. Gonzales testified that "they" threw away his ARP request and his appeal of the disciplinary conviction. He said he tried to talk to Warden Jeffrey Travis about his ARP request and his appeal of the disciplinary conviction, but the Warden did nothing.

Plaintiff has also previously submitted evidence, attached to his motion for injunction and preliminary injunction, that contradicts McCloud's affidavit. Plaintiff submitted a copy of a notice from the Warden at Rayburn, in which the Warden acknowledged receipt of plaintiff's request for remedy concerning an (unspecified) incident that occurred on July 18, 2006. This document is entitled "Offenders Relief Request" for Case Number RCC-2006-834 and is dated December 5, 2006. Record Doc. No. 7, Plaintiff's Exh. B.

This document from the Warden at Rayburn, together with Gonzales's <u>Spears</u> hearing testimony, contradicts McCloud's statement in his affidavit that Gonzales <u>never</u>

filed any ARP request at Rayburn in connection with the July 17 or 18, 2006 incident. McCloud's affidavit therefore does not establish any undisputed facts, and defendants have failed to bear their burden to establish any basis for the entry of summary judgment on this record.

Plaintiff has testified and stated in his other written submissions that he did submit an ARP request, but that it was thrown away. The form Section 1983 complaint employed by plaintiff specifically asks at paragraph II(A), "Is there a prisoner grievance procedure in this institution?" Plaintiff's answer is a clear "yes." The form Section 1983 complaint also specifically asks at paragraph II(B), "Did you present the facts relating to this complaint in the prisoner grievance procedure?" Plaintiff's answer is again "yes." He explains in paragraph II(D) that he sent in an ARP request on October 18, 2006 and another one on October 19, 2006, but that both are "missing" and he believes they were destroyed or thrown away.

The law is clear that a prisoner must complete an available prison ARP before filing a Section 1983 suit and that the district court has no discretion to permit a suit to proceed without exhaustion. Porter v. Nussle, 534 U.S. 516, 532 (2002) (citing the Civil Rights of Institutionalized Persons Act, 94 Stat. 352, as amended, 42 U.S.C. § 1997e). Title 42 U.S.C. § 1997e(a) now mandates exhaustion of administrative remedies, stating that "no action shall be brought with respect to prison conditions under section 1983 of

7

this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>." 42 U.S.C. § 1997e(a) (emphasis added).

The moving defendants are incorrect, however, when they argue in their motion for summary judgment that the Prison Litigation Reform Act ("PLRA") requires Gonzales to name in his ARP request the particular defendants involved in the alleged deprivation of civil rights and that it is plaintiff's burden initially to plead and prove exhaustion. Both of these arguments were rejected by the United States Supreme Court in <u>Jones v. Bock</u>, 127 S. Ct. 910 (2007).

The Supreme Court ruled in <u>Jones</u> that failure to exhaust is an affirmative defense and that "the PLRA does not itself require plaintiffs to plead exhaustion." <u>Id.</u> at 921. Therefore, "inmates are <u>not</u> required to specially plead or demonstrate exhaustion in their complaints." <u>Id.</u> (emphasis added). Instead, because exhaustion is an affirmative defense, defendants bear the burden of proof concerning ARP exhaustion both at trial and on a motion for summary judgment.

Thus, defendants' motion for summary judgment in the instant case cannot be granted on this record. The evidence submitted by defendants fails to carry their burden. The evidence submitted by plaintiff is unclear but certainly cannot be characterized as

8

establishing a record of undisputed facts sufficient to support summary judgment in favor of defendants who bear the burden of proof at trial.

### **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that defendants' motion for summary judgment, Record Doc. No. 47, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __19th__ day of September, 2007.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE