UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELO GONZALES | CIVIL ACTION |
| VERSUS | NO. 06-11215 |
| LT. BLANDON SMITH ET AL. | SECTION "C" (2) |

## ORDER AND REASONS

Plaintiff, Angelo Gonzales, is a convicted inmate currently incarcerated in the Rayburn Correctional Center ("Rayburn") in Angie, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections ("DOC") and six correctional officers at Rayburn. Gonzales alleges that, on or about July 17, 18 and/or 19, 2006, defendants harassed him, discriminated against him on the basis of his race, beat him without provocation while he was handcuffed and shackled, and subjected him to double jeopardy for a disciplinary charge. He seeks monetary damages. Record Doc. No. 1 (Complaint at ¶¶ IV and V). All parties have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Record Doc. No. 55.

Defendants filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), seeking dismissal of all claims based on plaintiff's failure to exhaust the administrative remedy procedure ("ARP") at Rayburn, and seeking dismissal of all

claims against the DOC based on Eleventh Amendment immunity. Record Doc. No. 70. Plaintiff filed two timely response memoranda. Record Doc. Nos. 72, 73.

Having considered the complaint, the record, the submissions of the parties and the applicable law, **IT IS ORDERED** that defendants' motion for judgment on the pleadings is **GRANTED**.

> The standard for dismissal for a Rule 12(c) motion for judgment on the pleadings is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). As set forth by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiffs have stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiffs are entitled to relief. The Court must accept as true all well-plead[ed] allegations and resolve all doubts in favor of the plaintiff.

<u>Wolfe v. Fidelity Nat'l Ins. Co.</u>, No. 06-4928, 2008 WL 89643 (E.D. La. Jan. 7, 2008) (Barbier, J.) (citing <u>Johnson v. Johnson</u>, 385 F.3d 503, 529 (5th Cir. 2004); <u>Tanglewood East Homeowners v. Charles-Thomas, Inc.</u>, 849 F.2d 1568, 1572 (5th Cir. 1988)).

Even when construed as broadly in his favor as possible, and including the opportunity to expand upon his pleadings that was provided during the <u>Spears</u> hearing on March 22, 2007, plaintiff's pleadings establish that the incidents which are the basis

of this lawsuit[1] occurred on July 18 and 19, 2006, at the latest. Record Doc. No. 1, Complaint at pp. 11-13, 17, 22-25; plaintiff's recorded testimony at <u>Spears</u> hearing conducted on March 22, 2007, Record Doc. No. 23. The pleadings also establish that Gonzales submitted an ARP complaint concerning those incidents on October 18, 2006 at the earliest. Record Doc. No. 1, Complaint, Section 1983 form, ¶ II(D).

The applicable ARP requires that a grievance be filed within 90 days of the alleged incident. 22 La. Admin. Code Pt. I, § 325(G(1)(a); <u>Johnson v. La. ex rel. La. Dep't of Public Safety & Corr.</u>, 468 F.3d 278, 280 (5th Cir. 2006). However, October 18, 2006, the earliest date on which the ARP complaint was submitted, is 9<u>1</u> days after July 19, 2006. Plaintiff's ARP submitted on October 18, 2006 was therefore untimely because it was submitted one day too late.

In <u>Woodford v. Ngo</u>, 548 U.S. 81, 126 S. Ct. 2378 (2006), the United States Supreme Court held that the Prison Litigation Reform Act of 1995 ("PLRA ") (codified at 42 U.S.C. § 1997e et seq.)

> requir[es] proper exhaustion of administrative remedies, which means using all steps that the agency holds out, and doing so <u>properly</u> (so that the agency addresses the issues on the merits). This Court has described the doctrine as follows: [A]s a general rule . . . courts should not topple over

---

[1] Plaintiff's written submissions in opposition to the instant motion include exhibits concerning a separate incident that allegedly occurred in September 200<u>7</u>, and ARP forms based on that incident. Those matters are <u>not</u> part of this lawsuit and are irrelevant to the claims made in this case concerning the subject July 2006 incident.

> administrative decisions unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its practice. **Proper exhaustion demands compliance with an agency's deadlines** and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

Id. at 2385-86 (quotations and citations omitted) (underlined emphasis in original) (bold emphasis added). "With this background in mind, we are persuaded that the PLRA exhaustion requirement requires proper exhaustion." Id. at 2387.

Accordingly, because the pleadings establish that plaintiff's ARP grievance was untimely, this lawsuit must be dismissed with prejudice. "While failure to exhaust administrative remedies usually results in a dismissal without prejudice, when exhaustion is no longer possible, dismissal may be with prejudice. As exhaustion of administrative remedies is too late for the claims in this case," the case will be dismissed with prejudice for the reasons stated above. Dawson Farms, LLC v. Farm Serv. Agency, 504 F.3d 592, 607; accord Johnson, 468 F.3d at 280-81. I recognize that this is a harsh result based on tardiness of one day, but it appears to be a result that is mandated by Congressional statute and United States Supreme Court and Fifth Circuit case law, all of which are binding on me.

In addition, plaintiff's Section 1983 claims against the DOC are barred by the Eleventh Amendment to the United States Constitution. The DOC is a department within

the Louisiana state government. La. Rev. Stat. Ann. § 36:401. For Eleventh Amendment purposes, the DOC is considered an arm of the State because any judgment against it or its subdivisions necessarily would be paid from state funds. Anderson v. Phelps, 655 F. Supp. 560, 564 (M.D. La. 1985). Therefore, suit against the DOC is a suit against the State of Louisiana, which is prohibited by the Eleventh Amendment. Citrano v. Allen Corr. Ctr., 891 F. Supp. 312, 320 (W.D. La. 1995) (citing Anderson, 655 F. Supp. at 560; Bldg. Eng'r Serv. Co. v. La., 459 F. Supp. 180 (E.D. La. 1978)).

The State of Louisiana is immune from suit in federal court under the Eleventh Amendment. Sovereign immunity under the Eleventh Amendment bars actions for monetary relief in federal court against a State or state agency unless the State has consented to be sued. U.S. Const. amend. XI; Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Williams v. Dallas Area Rapid Transit, 242 F.3d 315, 318 (5th Cir. 2001).

Generally, the State of Louisiana has not waived its immunity or consented to the exercise of federal judicial power in civil actions against it. La. Rev. Stat. Ann. § 13:5106(A); Delahoussaye v. City of New Iberia, 937 F.2d 144, 147 (5th Cir. 1991). Thus, in each unsanctioned instance of federal suit, the State or its agency must affirmatively waive its Eleventh Amendment immunity. Port Auth. Trans-Hudson Corp.

v. Feeney, 495 U.S. 299, 305 (1990); Earles v. State Bd. of Certified Pub. Accountants, 139 F.3d 1033, 1038 (5th Cir. 1998); Stem v. Ahearn, 908 F.2d 1, 4 (5th Cir. 1990).

The DOC is immune from liability and suit under the Eleventh Amendment. Castille v. La., No. 99-0940, 1999 WL 544684, at *2 (E.D. La. July 27, 1999) (Clement, J.); Brown v. Bonvillian, No. 97-0828, 1997 WL 162155, at *3 (E.D. La. April 4, 1997) (Africk, M.J.) (citing Loya v. Tex. Dep't of Corrections, 878 F.2d 860, 861 (5th Cir. 1989)); Anderson v. Phelps, 655 F. Supp. 560, 564 (M.D. La. 1985) (Parker, C.J.); see also Hines v. Miss. Dep't of Corrections, 239 F.3d 366, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000).

Because the State of Louisiana is immune from suit and has not waived its immunity, plaintiff's claims against the State DOC must also be dismissed with prejudice.

For the foregoing reasons and on the two grounds discussed above, this case must be dismissed in its entirety. Judgment will be entered accordingly.

New Orleans, Louisiana, this __13th__ day of February, 2008.

                        JOSEPH C. WILKINSON, JR.
                       UNITED STATES MAGISTRATE JUDGE